UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAQUANA CORNELIUS,<br><br>                    Plaintiff,<br><br>         -against-<br><br>MICK JAGGER OR SIR MICHAEL PHILIP JAGGER,<br><br>                    Defendant. | 22-CV-3405 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction, asserting that Defendant took her money and abused her emotionally and mentally. By order dated June 16, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff brings this action against the British entertainer Mick Jagger, who is also known

as Sir Michael Philip Jagger. The following facts are taken from the complaint:

> Mick Jagger & I met at Miss Lily's Soho in 2016. We started dating during
> lockdown. I transferred an estimation of $24,000 to him to purchase & decorate a
> home for us in Illinois. When it came time to meet for the Sept 2021 tour I broke
> up with him. His kids were racist, especially Georgia May Jagger. I asked for my
> money back & he refused. Despite making it clear this was a loan and I did not
> want to buy the house, after Gene [unintelligible] prevented me from making
> money before the pandemic. This was the only money I had. I trusted him, since
> he pay my $10,000-student loan as a gift & he's Mick Jagger. He refused to give
> me my money back. He's holding me financially hostage (domestic violence).
> He's been mentally & emotionally abusive as well. Him & his family. with
> Melanie Hamrick stalking me then committing perjury & charging me with false
> evidence.
>
> This is all documented on my facebook: Jaquana Cornelius & Instagram accounts:
> @itsjqboo & Saint_Twenty. He even got other people to join in like Chris Evans.

(ECF 1, at 5-6.)[1]

Plaintiff seeks $2.2 million in damages, which includes the $24,000 she gave to

Defendant, "plus the emotional, mental & racial abuse [she] endured from him & his family."

(*Id*. at 6.) Plaintiff also seeks a restraining order because, she alleges, Defendant has broken into

her social media accounts, hired an investigator to follow her, and asked her for money through

her friends. Plaintiff also claims that Defendant "won't give [her] money until [she] give[s] him a

baby," and that he has gotten "Chris Evans to pretend to date Selena Gomez & pretend to help,

only to antagonize [her]." (*Id*. at 7.)

---

[1] Except where indicated, the Court quotes the complaint verbatim. All errors are in the original.

**DISCUSSION**

**A.     The Court does not have subject matter jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

Plaintiff invokes the Court's diversity jurisdiction but does not allege sufficient facts demonstrating that the Court has jurisdiction of her claims.[2] To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Diversity of citizenship is present when the action is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). An individual is a citizen of the state where he is domiciled, which is defined as the place where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

---

[2] Plaintiff's complaint does not set forth any federal claims or otherwise assert a basis for federal question jurisdiction under Section 1331. She asks this Court to review an alleged financial agreement between her and Defendant and compensate her for mental and physical abuse, claims that do not arise under federal law.

Here, Plaintiff, who asserts that she is homeless, indicates that she is domiciled in New York, and provides her parent's address in Bronx, New York. She alleges that Defendant Jagger is a citizen of the United Kingdom and lists his address in London. It therefore appears that diversity of citizenship exists between Plaintiff and Defendant.

Although there is diversity of citizenship, Plaintiff has not alleged facts suggesting that her claims meet the $75,000.00 statutory jurisdictional amount for diversity jurisdiction. There is in this Circuit "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). But where a complaint does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Weir v. Cenlar FSB*, No. 16-CV-8650, 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible") (citing *Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011), *aff'd*, 508 F. App'x 65 (2d Cir. 2013) (summary order)).

Here, Plaintiff requests $2.2 million in damages, which includes the $24,000 she gave to Defendant, "plus the emotional, mental & racial abuse [she] endured from him & his family." (*Id*. at 6.) She fails, however, to allege facts plausibly suggesting that she has suffered any damages beyond the allegedly $24,000.00 she gave to Defendant. Plaintiff fails to show that any plausible claims she may have would satisfy the $75,000.00 amount in controversy. The Court therefore lacks diversity jurisdiction of Plaintiff's claims.

4

Because Plaintiff has failed to allege facts showing that the Court has either federal question or diversity jurisdiction of this matter, the Court dismisses Plaintiff's complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.").

**B.     Plaintiff's claim appears to have no basis in law or fact.**

Even if Plaintiff could meet the amount in controversy for diversity jurisdiction, she fails to allege facts suggesting a plausible claim for relief. Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it presents no arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's assertions – that Defendant Jagger planned to buy a house with her in Illinois, took her money and won't give it back until she gives him a baby, was mentally and emotionally abusive toward her, and used other celebrities to antagonize Plaintiff – do not provide any plausible factual support for her claim and appear to rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has pleaded no factual predicate showing that Defendant has violated her rights. The Court therefore also dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**C.     Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 18, 2022
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge